21-2070-cv
SDJ Investments v. Collector's Coffee Inc.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of November, two thousand twenty-two.

PRESENT:  RAYMOND J. LOHIER, JR.,
                   SUSAN L. CARNEY,
                   ALISON J. NATHAN,
                            *Circuit Judges*.

------------------------------------------------------------------

SDJ INVESTMENTS, LLC, ADOBE
INVESTMENTS, LLC, DARREN SIVERTSEN,
TRUSTEE OF SIVERTSEN FAMILY TRUST
U/A/D 10/01/2002,

          *Intervenors-Plaintiffs-Appellees*,

     v.                                                          No. 21-2070-cv

COLLECTOR'S COFFEE INC., DBA
COLLECTORS CAFE,

*Defendant-Intervenor-Defendant-Appellant.*[*]

----------------------------------------------------------------

| FOR INTERVENORS-PLAINTIFFS-APPELLEES | RICHARD A. SCHONFELD (Robert Z. Demarco, *on the brief*), Chesnoff & Schonfeld, Las Vegas, NV |
| --- | --- |
| FOR INTERVENOR-DEFENDANT-APPELLANT | JAMES ARDOIN, Jimmy Ardoin & Associates, PLLC, Bellaire, TX (Stanley C. Morris, Corrigan & Morris LLP, West Los Angeles, CA, *on the brief*) |

Appeal from a judgment of the United States District Court for the Southern District of New York (Victor Marrero, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Intervenor-Defendant-Appellant Collector's Coffee Inc. ("CCI") appeals from a judgment of the United States District Court for the Southern District of New York (Marrero, *J.*) denying its motion for judgment on the pleadings, and granting in part and denying in part its motion for a stay pending arbitration.

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

## I. Factual Background

In 2013 CCI and Mykalai Kontilai (together, "Defendants") acquired two baseball contracts signed by Jackie Robinson (the "Contracts"). Defendants received loans from SDJ Investments, LLC, Adobe Investments, LLC, and the Sivertsen Family Trust (together, "Holders") that were secured by the Contracts. In 2017 the Holders and Defendants entered into agreements that required arbitration of future disputes between the parties concerning these loans.

In 2019 the Securities and Exchange Commission brought civil fraud charges against Defendants alleging, among other things, that they made material misrepresentations and omissions regarding the ownership and valuation of the Contracts ("SEC Action"). The Holders filed a complaint in the SEC Action as intervenors ("Intervenor Action"). The Intervenor Action has two counts: Count One, against Defendants, seeks a declaration that the Holders "have a first position perfected secured interest in the Contracts that would entitle[] them to receive the first proceeds of any sale of the Contracts until their

3

interest is satisfied"; Count Two, against the Jackie Robinson Foundation ("JRF"), seeks a declaration that the JRF "does not have any right, title, or interest in the Contracts" and that "[CCI] had clear title/ownership to the Contracts at the time it entered into its transactions with the Holders." It also repeats the Holders' request for a declaratory judgment that the Holders "have a first position perfected secured interest in the Contracts." App'x 329–32.

In the Intervenor Action, Defendants moved for judgment on the pleadings or, in the alternative, to stay the entire action and compel arbitration between the Holders and Defendants. The District Court (Marrero, J.) denied the motion for judgment on the pleadings on the ground that the Court had supplemental jurisdiction over the Intervenor Action. The District Court also stayed its proceedings with respect to the Holders' claim against the Defendants (Count One) pending arbitration between those parties, but denied the requested stay and allowed the claim against the JRF (Count Two) to proceed.

II. Discussion

On appeal, CCI argues that the District Court erred in exercising supplemental jurisdiction over the Intervenor Action and, in any event, that the District Court should have stayed the entirety of the action pending arbitration.

4

Reviewing both decisions for abuse of discretion, we reject CCI's arguments. See Valencia ex rel. Franco v. Lee, 316 F.3d 299, 306 (2d Cir. 2003) (subject matter jurisdiction); NPS Commc'n, Inc. v. Contl. Grp, Inc., 760 F.2d 463, 466 (2d Cir. 1985) (partial stay).

The District Court did not abuse its discretion in exercising supplemental jurisdiction over the Intervenor Action pursuant to 28 U.S.C. § 1367(a), which provides jurisdiction over "claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." "For purposes of section 1367(a), claims form part of the same case or controversy if they derive from a common nucleus of operative fact." Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 245 (2d Cir. 2011) (quotation marks omitted). The ownership of the Contracts is central to both the SEC Action and the Intervenor Action. To be sure, CCI's ownership of the Contracts is relevant to the two actions in different ways. But in both actions, whether and to what extent CCI owns an interest in the Contracts is the central issue. The SEC alleges that CCI misled investors by saying that it had a 100 percent interest in the Contracts, when in reality, CCI had executed promissory notes giving the Holders and

others a significant interest in the Contracts. Therefore, for the SEC to prevail on this fraud claim, it will necessarily bring forth one of the factual issues underlying the Holders' claim: whether the Holders have a first position perfected secured interest in the Contracts.[1] Accordingly, "the facts underlying the federal and state claims substantially overlap[]" and "presentation of the federal claim necessarily [brings] the facts underlying the state claim before the court." Lyndonville Sav. Bank & Tr. Co. v. Lussier, 211 F.3d 697, 704 (2d Cir. 2000). The District Court's exercise of supplemental jurisdiction was therefore justified by "the values of judicial economy, convenience, fairness, and comity." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988).

Next, the District Court did not abuse its discretion in granting only a

---

[1] CCI argues that there is no genuine dispute over the Holders' position with respect to the Contracts and alleges that the Holders strategically inserted these claims to manufacture a basis for jurisdiction. It states that this issue was resolved by the parties in 2017. However, the Holders drew upon the Defendants' answers to the SEC Complaint to show that "an actual and justiciable controversy exists between the Holders and the Defendants regarding the Holders' rights related to the Contracts and their right to receive the first proceeds of any sale of the Contracts." App'x 330. Additionally, this Court has strongly cautioned against assuming that a plaintiff's claims were brought to manufacture subject-matter jurisdiction. See Catzin v. Thank You & Good Luck Corp., 899 F.3d 77, 84–85 (2d Cir. 2018). Accordingly, we do not believe these arguments demonstrate that the District Court's exercise of supplemental jurisdiction over the Holders' claims is an abuse of discretion.

partial stay of the Intervenor Action.  If a district court "concludes that some, but not all, of the claims in the case are arbitrable, it must then decide whether to stay the balance of the proceedings pending arbitration."  JLM Indus., Inc. v. Stolt-Nielsen SA, 387 F.3d 163, 169 (2d Cir. 2004) (quotation marks omitted). When "other persons who are parties to the underlying dispute [are] not [parties] to the arbitration agreement," "it may be advisable to stay litigation among the nonarbitrating parties pending the outcome of the arbitration."  Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 20 & n.23 (1983).  "That decision is one left to the district court . . . as a matter of its discretion to control its docket."  Id. at 20 n.23; accord WorldCrisa Corp. v. Armstrong, 129 F.3d 71, 76 (2d Cir. 1997) ("We have recognized that district courts . . . may stay a case pursuant to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") (quotation marks omitted).

"[T]he movant bears a heavy burden of showing necessity for the stay." Sierra Rutile Ltd. v. Katz, 937 F.2d 743, 750 (2d Cir. 1991).  This showing will depend on the relevant claim's "[e]ffect [on] the outcome of [the] arbitration," whether "failure to stay [the] action would result in substantial prejudice," and

the "significant expense and inconvenience" of litigating and arbitrating simultaneously. WorldCrisa, 129 F.3d at 76. Although the extent of CCI's ownership interest in the Contracts is central to both Count One and Count Two, the District Court did not abuse its discretion in declining to stay proceedings on Count Two. First, we afford district courts "great discretion" in declining to stay nonarbitrable claims pending arbitration of related claims. Chang v. Lin, 824 F.2d 219, 222 (2d Cir. 1987). Here, when the District Court ruled, CCI had multiple avenues to advance its interest in these disputes. CCI had "every interest in demonstrating [its] ownership interest in the SEC action," the "Holders have a similar interest in the Intervenor action," and CCI could have moved to intervene in Count Two. Special App'x 10–11. Second, the progress of litigation on Count Two before the District Court—including JRF's recently-filed crossclaim against CCI and CCI's counterclaims against JRF—reduces any potential prejudice to CCI. Finally, Count Two generally concerns the ownership dispute between the JRF and CCI, whereas Count One generally concerns the ownership dispute between the Holders and CCI. For these reasons, we defer to the District Court's decision as an exercise of its "discretion to control its docket." Moses H. Cone, 460 U.S. at 20 n.23.

8

We have considered CCI's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
